**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4092**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS OMAR TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:05-cr-00032-GRA-1)

Submitted:  August 22, 2013          Decided:  August 30, 2013

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Omar Tucker appeals the twelve-month sentence imposed upon revocation of his term of supervised release. Tucker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by revoking Tucker's supervised release and imposing a twelve-month sentence. Tucker was advised of his right to file a pro se supplemental brief, but he did not file one. We affirm.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2013). In this case, Tucker admits that he violated the conditions of supervision. We find no abuse of discretion in the district court's revocation of Tucker's supervised release.

Turning to Tucker's sentence, we will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, "we follow

2

generally the procedural and substantive considerations" used in reviewing original sentences. Id. at 438.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, based on this review, the appeals court decides that the sentence is not unreasonable, it should affirm. Id. at 439.

In the initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than when we apply the reasonableness review to post-conviction Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence unreasonable must we decide whether it is "plainly" so. Id. at 657.

Although counsel questions whether there is any error rendering Tucker's sentence plainly unreasonable, he identifies no such error. The district court properly calculated the Policy Statement range and sentenced Tucker to twelve months'

3

imprisonment, a sentence within the Policy Statement range and below the statutory maximum. 18 U.S.C.A. § 3583(e)(3); <u>U.S. Sentencing Guidelines Manual</u> § 7B1.4(a) (2004). Our review of the record leads us to conclude that Tucker's sentence is not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>